ORDER
SAYRE, JUDGE:
An application of the claimant, Frances J. Moore, for an award under the West Virginia Crime Victims Compensation Act, was filed January 3, 2005. The report of the Claim Investigator, filed July 14, 2005, recommended that no award be granted. An Order was issued on October 21, 2005, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant filed a request for hearing. This matter came on for hearing August 4,2006, the State of West Virginia by counsel, Ronald R. Brown, Assistant Attorney General, at which time the claim was submitted for decision by the Court upon the pleadings.
On November 30,2004, the 70-year-old claimant was the victim of criminally injurious conduct in Elkins, Randolph County. The claimant was trying to stop a physical altercation between her son, Tommy Moore, and the alleged offender, Tommy Watson.
As a result of the attack, the claimant suffered multiple contusions and a neck sprain.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the claimant was not an innocent victim of crime. W.Va. Code §14-2A- *202 3(1) states: “ ‘Contributory misconduct’ means any conduct of the claimant, or of the victim through whom the clamant claims an award, that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct has causal relationship to the criminally injurious conduct that is the basis of the claim and shall also include the voluntary intoxication of the claimant, either by the consumption of alcohol or the use of any controlled substance when the intoxication has a causal connection or relationship to the injury sustained...
According to the Claim Investigator’s report, the claimant was visiting a friend while her son, Tommy Moore, remained inside the vehicle. Upon exiting her friend’s residence, the claimant observed die alleged offender, Tommy Watson, and her son in a physical altercation. In an attempt to stop this fight, Ms. Moore scratched Mr. Watson about his neck. When this did not work, she got inside the vehicle she had traveled in and retrieved what she referred to as an “equalizer,” which was described in the police report as being a long metal rod. She struck Mr. Watson multiple times in the head with this metal rod before he was able to take it from her. The altercation ended and the claimant and Mr. Moore got into their vehicle. They traveled a short distance before the operator of the vehicle navigated a U-turn and sped in the direction of Mr. Watson. An independent witness statement indicated that the vehicle was operated in the direction of Mr. Watson, and he, in fact, had to jump out of the way to avoid being hit.
The Claim Investigator’s original finding was that the claimant was guilty of contributory misconduct within the meaning of the statute. The original Order upheld the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that she was not guilty of contributory misconduct. The claimant has not provided any additional evidence to prove that she was not guilty of contributory misconduct. Based on the foregoing, the Court must deny this claim.
The Court is constrained by the evidence to stand by its previous ruling; therefore, this claim must be, and is hereby, denied.